# EXHIBIT A

COPY FOR SERVICE

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Southern District
30 Spring Street
Nashua NH  03060

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION

Case Name:      **Kevin Brown v Saint-Gobain Performance Plastics Corporation, et al**
Case Number:    **226-2016-CV-00252**

Date Complaint Filed: May 24, 2016
A Complaint has been filed against Gwenael Busnel; Saint-Gobain Performance Plastics Corporation
in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| July 09, 2016 | Kevin Brown shall have this Summons and the attached Complaint served upon Gwenael Busnel; Saint-Gobain Performance Plastics Corporation by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| July 30, 2016 | Kevin Brown shall file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Gwenael Busnel; Saint-Gobain Performance Plastics Corporation must file an Appearance and Answer or other responsive pleading form with this Court.   A copy of the Appearance and Answer or other responsive pleading must be sent to the party listed below and any other party who has filed an Appearance in this matter. |

**Notice to Gwenael Busnel; Saint-Gobain Performance Plastics Corporation:** If you do not
comply with these requirements you will be considered in default and the Court may issue orders that
affect you without your input.

Send copies to:
  Paul Mario DeCarolis, ESQ

Gottesman & Hollis PA
39 East Pearl Street
Nashua NH  03060

BY ORDER OF THE COURT

*Marshall A. Buttrick*
Marshall A. Buttrick
Clerk of Court

May 25, 2016

(293)

NHJB-2678-S (10/23/2013)

## STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**                                **SUPERIOR COURT**
**SOUTHERN DISTRICT**

### KEVIN BROWN
**498 Charles Bancroft Highway**
**Litchfield, NH 03052**
**V**

### SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION
**31500 Solon Road, Solon, Ohio 44139**

**and**

### GWENAEL BUSNEL
**C/O Saint-Gobain Performance Plastics Corporation**
**701 Daniel Webster Highway**
**Merrimack , NH 03054**

## <u>CLASS ACTION COMPLAINT AND REQUEST FOR JURY TRIAL</u>

The Plaintiff, Kevin Brown, by and through its undersigned attorneys, Gottesman and Hollis, P.A. and The Hannon Law Firm, LLC, complaining of the Defendant herein, respectfully alleges to this Court upon information and belief as follows:

## INTRODUCTION

1.  This action is brought as a class action under Rule 16 of the New Hampshire Rules of Civil Procedure.

2.  Plaintiff individually, and as a representative of the Class Members, seeks compensatory and exemplary damages arising out of chemical releases, discharges and leaks, both past and present, from the Saint-Gobain Performance Plastics Corporation site at 701 Daniel Webster Highway, Merrimack, Hillsborough County, New Hampshire (the "Saint-Gobain Site"). These damages include the loss in value of Plaintiff's and other Class Members' property and the cost of remediating the properties owned by Plaintiff and

1

other members of the Class from the toxic chemicals released from the Saint-Gobain Site. Plaintiff and Class Members' damages also include deferred marketability of their properties, loss of use of the property, loss of use and enjoyment of the property, inconvenience and annoyance and discomfort.

## JURISDICTION

3.      The subject matter of this action is in the Southern District of Hillsborough County so that jurisdiction and venue is proper in the Southern District of Hillsborough County.

## PLAINTIFFS

4.      Plaintiff Kevin Brown owns real property with a private groundwater well and resides at 498 Charles Bancroft Highway, Litchfield, New Hampshire.

## DEFENDANTS

5.      Defendant Saint-Gobain Performance Plastics Corporation (hereinafter "Saint-Gobain") is and was at all times relevant hereto a corporation organized under the laws of California with a principal office address of 31500 Solon Road, Solon, Ohio 44139. Saint-Gobain is registered to do business as a foreign corporation in the State of New Hampshire. Its registered agent is CT Corporation System, 9 Capitol Street, Concord, New Hampshire 03301. Saint-Gobain currently owns and has owned the property at 701 Daniel Webster Highway, Merrimack, New Hampshire and conducts business there.

6.      Defendant Gwenael Busnel is and was at times relevant hereto a resident of the State of New Hampshire and was the General Manager for Saint-Gobain at its Merrimack, New Hampshire facility (the "Plant"). At all times relevant hereto, Defendant Busnel had a duty to operate the Plant in a safe and reasonable manner, in conformance with the laws and had a duty not to allow chemicals used in the Plant to contaminate the Plaintiff's and Class Members' property.

2

## DEFINITION OF THE CLASS

1.  This action is brought by the Plaintiff on his own behalf and as a representative of the Class defined herein.

2.  The Members of the Class are defined as:

    All persons who own residential properties with private groundwater wells within two miles of the property boundary of the Saint-Gobain Site.

    Excluded from the Class are any officers, directors, agents, current employees, or representatives of Defendants.

## QUESTIONS OF LAW AND FACT COMMON TO CLASS MEMBERS

3.  For Plaintiff and each other member of the Class, the following questions of law and fact, among others, are common:

    a.  The type or kinds of chemicals that have been and are being released from the Saint-Gobain Site.

    b.  The nature and toxicity of the chemicals released from Saint-Gobain Site.

    c.  The distribution of the chemicals from the Saint-Gobain Site to the homes and property of Plaintiff and the Class Members.

    d.  The activities of Defendant Saint-Gobain and Defendant Busnel that have resulted in the contamination of the properties of the Plaintiff and the Class Members.

    e.  The activities of Defendants that caused the release of chemicals.

3

f.  The remediation techniques available to remove the toxic chemicals released by Defendants from the property which Plaintiff and Class Members own and on which they reside.

g.  Whether Defendants' conduct was wanton, malicious or oppressive and in reckless disregard for the rights and safety of Plaintiff and the Class Members.

h.  That Plaintiff and the other members of the Class have suffered annoyance, inconvenience, discomfort and loss of use and enjoyment of the properties which they own.

i.  That the releases from Defendants' facility have caused a diminution in value of the property owned by the Plaintiff and Class Members and affected the marketability of those properties, which will continue into the future.

4.  The claims of the named Plaintiff are typical of the other Members of the Class.

5.  The members of the class are so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

6.  There are questions of law or fact common to the Class which predominate over any questions affecting only individual members.

7.  The claims of and asserted defenses to the claims of the representative Plaintiff are typical of the claims or defenses of the Class.

8.  The representative Plaintiff will fairly and adequately protect the interests of the Class.

9.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

10.   The attorneys for the representative Plaintiffs will adequately represent the interests of the Class.

## GENERAL ALLEGATIONS

11.   The Saint-Gobain Site is located at 701 Daniel Webster Highway, Merrimack, New Hampshire. The Saint-Gobain Site is approximately 21 acres, with an office and manufacturing usage building ("the Saint-Gobain Site").

12.   Defendant Saint-Gobain has continuously owned and operated the Plant at the Saint-Gobain Site from at least 2003.  On information and belief, prior entities which operated at the site were purchased or acquired by Saint-Gobain for which Saint-Gobain has legal liability.

13.   Defendant Gwenael Busnel is the general manager of the plant located at 701 Daniel Webster Highway, Merrimack, New Hampshire.

14.   Upon information and belief, Defendants, or their predecessors in interest, use chemicals containing Perfluorooctanoic acid ("PFOA") in various manufacturing processes at the Plant.

15.   PFOA was and is a hazardous substance and pollutant.

16.   Throughout the course of their operation of the Plant, Defendants, and their predecessors in interest, released PFOA into the environment.  Such releases have spread to the water used for the drinking water supply for the Class Members.

17.   Exposure to PFOA including through the drinking and use of contaminated water  can cause PFOA to be absorbed into the human body.

18.   Upon information and belief, beginning in March 2016 the State of New Hampshire Department of Environmental Services conducted tests on water wells on and around the

5

Plant in order to determine if the wells were contaminated with PFOA produced from the Plant.

19.     The testing of the wells identified contamination by PFOA.

20.     Beginning in April 2016, The New Hampshire Department of Environmental Services recommended to certain residents of Litchfield, Manchester and Merrimack, New Hampshire to use bottled water and the residents were advised not to drink or cook with water from the wells.

21.     Shortly after this date, Defendant Saint-Gobain began providing bottled water to citizens of Litchfield, New Hampshire.

22.     As a result of the presence of PFOA in the water in private wells and/or soil on the properties owned by Plaintiff and Class Members, the values of those properties are diminished.

23.     Defendants have sometimes negligently, sometimes suddenly and accidentally, and otherwise acted to cause toxic contaminants to be released from their facility and property (the Saint-Gobain Site) which travelled to contaminate the properties of Class Members.

24.     The chemicals and/or their byproducts used at the Saint-Gobain Site were released, came in contact with soil and groundwater underlying the Site and dissolved into the groundwater system.  Chemicals have migrated from the Saint-Gobain Site onto the properties owned by the Plaintiff and the Class Members.

25.    Upon information and belief, chemicals released at the Saint-Gobain Site have migrated
        from the groundwater into the soil of the property of Plaintiff and the other Class
        Members.

26.    Testing done by Defendant and the State of New Hampshire Department of
        Environmental Services has verified that the chemicals are present in the groundwater of
        the Class Members' properties and the Saint-Gobain Site.

27.    The operation of the Saint-Gobain Site by Defendants and their predecessors have
        resulted in the release of chemicals into the air, soil, and groundwater in the community
        where the Plaintiff and other Class Members own.

28.    Defendants' conduct in releasing chemicals was willful, wanton, and malicious and it was
        done without regard to the rights and safety of others, including Plaintiff and the  other
        Class Members.

### DAMAGES TO PLAINTIFFS AND OTHER CLASS MEMBERS

29.    Properties owned by the Plaintiff and the other Class Members have been and are being
        invaded by chemicals released from Defendants' Plant and Site.

30.    The properties of Plaintiff and the other Class members have been and are exposed to
        chemicals in air the groundwater and soil, the source of which are releases from the
        Saint-Gobain Site.  As a result of the releases, Plaintiffs and the other members of the
        Class have suffered damages and losses including, but not limited to, those identified
        below.

31.    As a result of Defendants' conduct and the resulting contamination, the value and
        marketability of the property and property rights of Plaintiff and the Class Members have
        been and will continue to be diminished.  Plaintiff and the Class Members have suffered
        the need for and the cost of remediation of their properties.  As a result of the

7

contamination, Plaintiff and the Class Members have lost use and enjoyment of their properties and the marketability of their properties. Plaintiff and the Class Members have suffered discomfort, inconvenience and annoyance as a consequence of the contamination of their properties by Defendants.

## FIRST CLAIM FOR RELIEF—TRESPASS
### (Saint-Gobain and Gwenael Busnel)

32.   Plaintiff incorporate the allegations contained in the preceding herein by reference.

33.   As a result of the conduct and activities of the Defendants, the releases from the Saint-Gobain Site have physically intruded onto and wrongfully entered the Plaintiff's and Class Members' properties and Plaintiff's and Class Members' neighborhood, interfering with the Plaintiff's and Class Members' possessory interest in the properties and right of private occupancy without Plaintiff's or the Class Members' permission.

34.   The physical intrusion of Defendants' releases onto the property owned by Plaintiff and the Class Members and into the Plaintiff's neighborhood has diminished the value of Plaintiff's and Class Members' properties and caused damage to the Plaintiff's and Class Members' properties and property rights.

35.   As a direct and proximate result of Defendants' trespass, Plaintiff and the Class Members have suffered damages and losses identified in paragraph 31 above. Accordingly, Defendants are liable for compensatory and exemplary damages to Plaintiff and the Class Members.

## SECOND CLAIM FOR RELIEF—NUISANCE
### (Saint-Gobain and Gwenael Busnel)

36.   Plaintiff incorporates the allegations contained in the preceding paragraphs herein by reference.

8

37.   The releases of chemicals resulting from Defendants' operation and ownership of the Saint-Gobain Site have caused a substantial and unreasonable interference with the Plaintiff's and Class Members' use and enjoyment of their properties.

38.   As a direct and proximate result of Defendants' trespass, Plaintiff and the Class Members have suffered damages and losses identified in paragraph 31 above.   Accordingly, Defendants are liable for compensatory and exemplary damages to Plaintiff and the Class Members.

## THIRD CLAIM FOR RELIEF—NEGLIGENCE
### (Saint-Gobain and Gwenael Busnel)

39.   Plaintiff incorporate the allegations contained in the preceding paragraphs herein by reference.

40.   Defendants owed Plaintiff and all Class Members a duty of reasonable care commensurate with the risk of the operations at the Saint-Gobain Site in Merrimack, New Hampshire.

41.   Defendants negligently breached this duty of care by releasing and allowing the release of toxic chemicals and as a direct, proximate and foreseeable result, Plaintiff and the Class Members have suffered damages and losses including, but not limited to, those identified in paragraph 31 above.

42.   Accordingly, Defendants are liable for the compensatory and exemplary damages to the Plaintiff and the Class Members.

## FOURTH CLAIM FOR RELIEF - UNJUST ENRICHMENT
### (Saint-Gobain and Gwenael Busnel)

43.   Plaintiff incorporates the allegations contained in the preceding paragraphs herein by reference.

9

44.    Defendants have failed to incur expenditures to limit or prevent the release of chemicals onto Plaintiff's and Class Members' properties and Plaintiff's and Class Members' neighborhood at the expense of Plaintiff and the Class Members, and the failure to remediate the properties of Plaintiff and the Class Members. Defendants have been unjustly enriched through their use of the properties of the Class Members without the permission of Plaintiff or the Class Members or the payment of any fees or leases to Plaintiff or Class Members for the storage of chemicals on their property

45.    The Court should award as a remedy the expenditures save and the profits obtained by Defendants at the expense of Plaintiff and the Class Members.

## FIFTH CLAIM FOR RELIEF—ABSOLUTE OR STRICT LIABILITY
(Saint-Gobain and Gwenael Busnel)

46.    Plaintiff incorporate the allegations contained in preceding paragraphs herein by reference.

47.    Defendants' operation and ownership of the Saint-Gobain Site in a manner that has created releases containing concentrations of chemicals is a non-natural use of land and an abnormally dangerous activity which creates significant risks to Plaintiff and the Class Members.

48.    The Defendants are strictly liable to Plaintiff and the Class Members for all damages which have resulted or will result from the releases of the chemicals from the property owned and operated by Defendants.

49.    As a direct and proximate result of Defendants' actions, Plaintiff and the Class Members have suffered damages. Accordingly, Defendants are liable for the compensatory and exemplary damages to Plaintiff and the Class Members.

## SIXTH CLAIM FOR RELIEF—RESPONDEAT SUPERIOR
(Saint-Gobain)

50. Plaintiff incorporates the allegations contained in the preceding paragraphs herein by reference.

51. At all times relevant here to Defendant Gwenael Busnel was an officer or employee of Defendant Saint-Gobain.

52. Any act or omission of an officer or an employee while acting within the scope of his authority is the act or omission of the Corporation.

53. Defendant Gwenael Busnel was acting within the scope of his employment and authority during the time chemicals were released to the properties of Plaintiff and the Class Members.

54. The acts or omissions of Defendant Gwenael Busnel are in law the acts or omissions of Saint-Gobain.

## SEVENTH CLAIM FOR RELIEF - EXEMPLARY DAMAGES
(Saint-Gobain)

55. Plaintiff incorporates the allegations contained in preceding paragraphs herein by reference.

56. Defendants allowed the contamination of the Plaintiff's property which Defendants knew or should have known was dangerous, or did so in a wanton, malicious or oppressive manner, without regard to the consequences, or of the rights and safety of others, particularly Plaintiff.

57. Plaintiff and the Class Members are entitled to an award of exemplary damages pursuant to New Hampshire law.

11

WHEREFORE, Plaintiff and the Class Members request the following relief:

A.    That the Court issue a Summons for service upon the Defendants;

B.    An order certifying the Class under Rule 16 of the New Hampshire Rules of Civil Procedure;

C.    That this matter be scheduled for a jury trial;

D.    For judgment against Defendants for compensatory damages on all counts in a fair and just amount as established at trial;

E.    For disgorgement of the profits and savings which were obtained by the unjust enrichment of Defendants through their use of and at the expense of the properties of Plaintiff and the Class Members;

F.    For an award of exemplary damages;

G.    That the Court award statutory interest, costs and attorney fees;

H.    For such other and further relief as may be just.

Dated: May 24, 2016

Respectfully submitted,

Kevin Brown

By his attorney
GOTTESMAN AND HOLLIS, P.A.

Dated: May 24, 2016

Paul M. DeCarolis, NH Bar No. 596
39 East Pearl Street
Nashua, NH 03060
603-318-0445
pdecarolis@nh-lawyers.com

12

Kevin Scott Hannon
The Hannon Law Firm, LLC
1641 Downing Street
Denver, CO 80218
303-861-8800
khannon@hannonlaw.com

**Merrimack County Sheriff's Office**
SHERIFF SCOTT E. HILLIARD
333 Daniel Webster Hwy
Boscawen, NH 03303
Phone: 603-796-6600

SAINT-GOBAIN PERFORMANCE PLASTICS CORP
9 CAPITOL ST
CONCORD, NH 03301

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                    0 5 / 3 1 /16

I, DEPUTY GLENN E LARAMIE JR, on this day at 12:08 a.m. (p.m.),
summoned the within named defendant SAINT-GOBAIN PERFORMANCE PLASTICS CORP
by leaving at the office of Registered Agent CT Corporation, 9 Capitol
Street, Concord, said County and State of New Hampshire, its true and
lawful agent for the service of process under and by virtue of Chapter 293
-A, NH RSA as amended, a true and attested copy of this Summons and
Complaint.

FEES

        Service   $25.00
        Postage     1.00
        Travel     15.00
                  --------
TOTAL             $41.00

                                    DEPUTY GLENN E LARAMIE JR
                                    Merrimack County Sheriff's Office

                        A True Copy Attest

                            Deputy Sheriff

# EXHIBIT B



UNITED STATES POSTAGE
PITNEY BOWES
02 1P              $ 002.20⁰
0000021516    JUN 06 2016
MAILED FROM ZIP CODE 03060

**GOTTESMAN & HOLLIS**
**PROFESSIONAL ASSOCIATION**
39 East Pearl Street
Nashua, NH 03060-3407

Saint-Gobain Performance Plastics Corporation
c/o CT Corporation System
9 Capitol Street
Concord, New Hampshire 03301

# GOTTESMAN & HOLLIS

**PROFESSIONAL ASSOCIATION**

Attorneys at Law
39 East Pearl Street • Nashua, New Hampshire 03060-3407

David M. Gottesman
Morgan A. Hollis
Paul M. DeCarolis
Andrew C. Bauer, Jr.
Anthony Frank Sculimbrene

**Direct Dial: 603-318-0447**
Assistant: 603-318-0448
Fax: 603-886-0380
Main Telephone: 603-889-5959
Email: pdecarolis@nh-lawyers.com
www.nh-lawyers.com

June 6, 2016

Marshall Buttrick, Clerk
Hillsborough County Superior Court-South
30 Spring Street
Nashua, NH 03060

      RE:    Kevin Brown v. Saint-Gobain Performance Plastics Corporation, et al
              Docket # 226-2016-CV-00252

Dear Clerk Buttick:

Enclosed please find a *First Amended Class Action Complaint and Request for Jury Trial* for filing with the Court in the above referenced matter. Also enclosed is a faxed copy of the Hillsborough County Sheriff's *Return of Service* as to service on Gwenael Busnel, the original of which will be filed upon receipt.

Very truly yours,

Paul M. DeCarolis
Direct Dial 603-318-0447

PMD/caf
Enclosure
cc:    Client
        Kevin Scott Hannon, Esquire
        Saint-Gobain Performance Plastics Corporation
        Gwenael Busnel
F:\2016\16-112\PLEADINGS - Property Damage 2016-CV-252\HCSC ltr 06-06-16.docx

Case 1:16-cv-00232-JL   Document 5   Filed 06/10/16   Page 20 of 38

# Hillsborough County Sheriff's Office

329 Mast Road Suite 109
Goffstown, NH 03045
Phone:

## Invoice For Service: SUMMONS IN A CIVIL ACTION

GOTTESMAN & HOLLIS, P.A.
39 EAST PEARL STREET
NASHUA, NH 03060-3407

Amount Due: 27.00
Invoice Number: 16-5382-CP
Invoice Date: 06/02/2016

603-889-5959

## MAKE  CHECK PAYABLE TO HCSO - SEND TO 329 MAST ROAD GOFFSTOWN, NH 03045

KEVIN BROWN  vs  BUSNEL, G
Docket Number: 226-2016CV0252

| PERSON(S) SERVED & METHOD | DATE | TIME | SERVED BY |
|---|---|---|---|
| BUSNEL, GWENAEL<br>GIVING IN HAND TO | 05/31/2016 | 11:46am | DEPUTY SHERIFF  MAILLE |

| SERVICE FEES | QTY | PRICE | TOTAL |
|---|---|---|---|
| Non Est Fee | 0 | 10.00 | 0.00 |
| Service Fee | 1 | 25.00 | 25.00 |
| MISC FEES | QTY | PRICE | TOTAL |
| POSTAGE & HANDLING | 1 | 1.00 | 1.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| Mileage | | | 1.00 |
| Total Cost | | | 27.00 |
| Payments Made On This Invoice | | | 0.00 |
| Grand Total For Invoice #:16-5382-CP  Invoiced: 06/02/2016 | | | 27.00 |

## $20.00 FEE FOR RETURNED CHECKS  - PAYMENT QUESTIONS, PLEASE CALL 603-836-2920

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 16-5382-CP
HILLSBOROUGH COUNTY SC, SOUTH

KEVIN BROWN V. BUSNEL, G

05/31/2016


1 SUMMONED THE WITHIN NAMED GWENAEL BUSNEL
BY GIVING IN HAND TO THE WITHIN NAMED, BEING AT 701 DANIEL WEBSTER HWY,
MERRIMACK, NH, AN ATTESTED COPY OF THIS SUMMONS AT 11:46am.



DEPUTY SHERIFF JOHN MAILLE

## STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**                              **SUPERIOR COURT**
**SOUTHERN DISTRICT**                    **DOCKET # 226-2016-CV-00252**

### KEVIN BROWN

### V

### SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION

### and

### GWENAEL BUSNEL

### MOTION TO AMEND PLEADINGS

NOW COMES the Plaintiff, Kevin Brown, by and through his attorneys, Gottesman and Hollis, P.A., and moves that the pleadings in the above referenced matter be amended with substitute complaints, and in support thereof, says as follows:

1.  Since the initial filing of the matter, additional proposed class members have expressed a willingness to serve as class representatives. Adding additional class representatives would reflect the different circumstances of the class members.

2.  The proposed amendment to the pleading complies with Superior Court Rule 16 as it allows one or more members to serve as class representatives.

3.  In addition to naming additional class representatives, the Plaintiff has identified other John Doe defendants to be further identified after a reasonable opportunity for discovery.

4.  The Plaintiff has also included additional factual grounds supporting the Plaintiffs' claims.

5.  The proposed amendments do not change the nature of the proceedings, the Defendants have not yet filed an Appearance or Answer and therefore no prejudice will occur to the Defendants.

6.     Amendments to pleadings are liberally allowed in New Hampshire.

WHEREFORE, the Plaintiff respectfully requests:

A.     That the Court allow the amendment to the pleadings;

B.     That the Court issue Orders of Notice for Service upon the Defendants;

C.     Such other and further relief as may be just.

<div style="margin-left: 50%;">

Respectfully submitted,
Kevin Brown
By and through his attorneys
GOTTESMAN AND HOLLIS, P.A.


Paul M. DeCarolis, NH Bar No. 596
David M. Gottesman, NH Bar No. 970
39 East Pearl Street
Nashua, NH 03060
603-318-0445
pdecarolis@nh-lawyers.com

and

Kevin Scott Hannon
The Hannon Law Firm, LLC
1641 Downing Street
Denver, CO  80218
303-861-8800
khannon@hannonlaw.com

</div>

<div style="text-align: center;">CERTIFICATE OF SERVICE</div>

I hereby certify that a copy of the within First Amended Complaint was forwarded this _6_ day of June, 2016 via first class mail, postage prepaid to: Saint-Gobain Performance Plastics Corporation, 31500 Solon Road, Solon, Ohio  44139 and c/o its registered agent CT Corporation System, 9 Capitol Street, Concord, New Hampshire and Gwenael Busnel, c/o of Saint-Gobain Performance Plastics Corporation, 701 Daniel Webster Highway, Merrimack, New Hampshire 03054.


Paul M. DeCarolis

<div style="text-align: center;">2</div>

# STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                    SUPERIOR COURT
SOUTHERN DISTRICT                          DOCKET # 226-2016-CV-252

## KEVIN BROWN
498 Charles  Bancroft Highway, Litchfield, NH 03052

## CHRISTOPHER BLUNDON
34 Robyn Avenue, Litchfield, NH  03052

## ADAM W. DYER
72 Fieldstone Drive, Londonderry, NH  03053

## V

## SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION
31500 Solon Road, Solon, Ohio  44139

## GWENAEL BUSNEL
C/O  Saint-Gobain Performance  Plastics Corporation
701 Daniel Webster Highway, Merrimack, NH 03054

### and

### John Doe 1
C/O  Saint-Gobain Performance  Plastics Corporation
701 Daniel Webster Highway, Merrimack, NH 03054

### John Doe 2
C/O  Saint-Gobain Performance  Plastics Corporation
701 Daniel Webster Highway, Merrimack, NH 03054

### John Doe 3
C/O  Saint-Gobain Performance  Plastics Corporation
701 Daniel Webster Highway, Merrimack, NH 03054

### John Doe 4
C/O  Saint-Gobain Performance  Plastics Corporation
701 Daniel Webster Highway, Merrimack, NH 03054

### John Doe 5
C/O  Saint-Gobain Performance  Plastics Corporation
701 Daniel Webster Highway, Merrimack, NH 03054

1

**FIRST AMENDED CLASS ACTION COMPLAINT AND REQUEST FOR JURY TRIAL**

NOW COME the Plaintiffs, Kevin Brown, Christopher Blundon, and Adam W. Dyer  by and through their undersigned attorneys, Gottesman and Hollis, P.A. and The Hannon Law Firm, LLC, complaining of the Defendant herein, respectfully alleges to this Court upon information and belief as follows:

## INTRODUCTION

1.  This action is brought as a class action under Rule 16 of the New Hampshire Rules of Civil Procedure.

2.  Plaintiffs individually, and as representatives of the Class Members, seek compensatory and exemplary damages arising out of chemical releases, discharges and leaks, both past and present, from the Saint-Gobain Performance Plastics Corporation site at 701 Daniel Webster Highway, Merrimack, Hillsborough County, New Hampshire (the "Saint-Gobain Site"). These damages include the loss in value of Plaintiffs' and other Class Members' property and the cost of remediating the properties owned by Plaintiffs and other members of the Class from the toxic chemicals released from the Saint-Gobain Site. Plaintiffs' and Class Members' damages also include deferred marketability of their properties, loss of use of the property, loss of use and enjoyment of the property, inconvenience and annoyance and discomfort.

## JURISDICTION

3.  The subject matter of this action is in the Southern District of Hillsborough County so that jurisdiction and venue is proper in the Southern District of Hillsborough County.

## PLAINTIFFS

4.    Plaintiff Kevin Brown and his spouse jointly own real property with a private
      groundwater well and resides at 498 Charles Bancroft Highway, Litchfield, New
      Hampshire.

5.    Plaintiff Christopher Blundon and his spouse jointly own real property with a private
      groundwater well and resides at 34 Robyn Avenue, Litchfield, New Hampshire.

6.    Plaintiff Adam W. Dyer owns real property with a private groundwater well located at 25
      Lance Avenue, Litchfield, New Hampshire.  He and his family lived at the Litchfield,
      New Hampshire property from 2008 to January, 2016. Mr. Dyer and his family now
      reside at 72 Fieldstone Drive, Londonderry, New Hampshire.

### DEFENDANTS

7.    Defendant Saint-Gobain Performance Plastics Corporation (hereinafter "Saint-Gobain")
      is and was at all times relevant hereto a corporation organized under the laws of
      California with a principal office address of 31500 Solon Road, Solon, Ohio 44139.
      Saint-Gobain is registered to do business as a foreign corporation in the State of New
      Hampshire.  Its registered agent is CT Corporation System, 9 Capitol Street, Concord,
      New Hampshire 03301. Saint-Gobain currently owns and has owned the property at 701
      Daniel Webster Highway, Merrimack, New Hampshire and conducts business there.

8.    Defendant Gwenael Busnel is and was at times relevant hereto a resident of the State of
      New Hampshire and was the General Manager for Saint-Gobain at its Merrimack, New
      Hampshire facility (the "Plant").  At all times relevant hereto, Defendant Busnel had a
      duty to operate the Plant in a safe and reasonable manner, in conformance with the laws
      and had a duty not to allow chemicals used in the Plant to contaminate the Plaintiffs' and
      Class Members' property.

9.    Defendants John Doe 1-5 are believed to be residents of New Hampshire and employees
      of Defendant Saint-Gobain and had a duty to operate the Plant in a safe and reasonable
      manner, in conformance with the laws and had a duty not to allow chemicals used in the

3

Plant to contaminate the Plaintiffs' and Class Members' property. Plaintiffs will identify the defendants after a reasonable opportunity to conduct discovery.

## DEFINITION OF THE CLASS

10. This action is brought by the Plaintiffs on their behalf and as a representatives of the Class defined herein.

11. The Members of the Class are defined as:

All persons who own residential properties with private groundwater wells within two miles of the property boundary of the Saint-Gobain Site.

Excluded from the Class are any officers, directors, agents, current employees, or representatives of Defendants.

## QUESTIONS OF LAW AND FACT COMMON TO CLASS MEMBERS

12. For Plaintiffs and each other member of the Class, the following questions of law and fact, among others, are common:

   a. The type or kinds of chemicals that have been and are being released from the Saint-Gobain Site.

   b. The nature and toxicity of the chemicals released from Saint-Gobain Site.

   c. The distribution of the chemicals from the Saint-Gobain Site to the homes and property of Plaintiffs and the Class Members.

4

d.  The activities of Defendant Saint-Gobain and Defendants Busnel and John Doe 1 through 5 that have resulted in the contamination of the properties of the Plaintiffs and the Class Members.

e.  The activities of Defendants that caused the release of chemicals.

f.  The remediation techniques available to remove the toxic chemicals released by Defendants from the property which Plaintiffs and Class Members own and on which they reside.

g.  Whether Defendants' conduct was wanton, malicious or oppressive and in reckless disregard for the rights and safety of Plaintiffs and the Class Members.

h.  That Plaintiffs and the other members of the Class have suffered annoyance, inconvenience, discomfort and loss of use and enjoyment of the properties which they own.

i.  That the releases from Defendants' facility have caused a diminution in value of the property owned by the Plaintiffs and Class Members and affected the marketability of those properties, which will continue into the future.

13.  The claims of the named Plaintiffs are typical of the other Members of the Class.

14.  The members of the class are so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

15.  There are questions of law or fact common to the Class which predominate over any questions affecting only individual members.

16.  The claims of and asserted defenses to the claims of the representative Plaintiffs are typical of the claims or defenses of the Class.

5

17.     The representative Plaintiffs will fairly and adequately protect the interests of the Class.

18.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     The attorneys for the representative Plaintiffs will adequately represent the interests of the Class.

## GENERAL ALLEGATIONS

20.     The Saint-Gobain Site is located at 701 Daniel Webster Highway, Merrimack, New Hampshire. The Saint-Gobain Site is approximately 21 acres, with an office and manufacturing usage building ("the Saint-Gobain Site").

21.     Defendant Saint-Gobain has continuously owned and operated the Plant at the Saint-Gobain Site from at least 2003. Prior thereto the plant was operated by ChemFab which the Defendant acquired in 2000 for which Saint-Gobain has legal liability.

22.     Defendant Gwenael Busnel served as the general manager of the plant located at 701 Daniel Webster Highway, Merrimack, New Hampshire. Defendants John Doe 1 through 5 are officers or employees of Defendant Saint-Gobain.

23.     Defendants and their predecessors in interest, ChemFab, use chemicals containing Polytetrafluorethylane (PTFE) and Perfluorooctanoic acid ("PFOA") in various manufacturing processes at the Plant.

24.     PFOA was and is a hazardous substance and pollutant.

25.     Defendant and its predecessor operated a plant in North Bennington, Vermont for approximately 20 years. The Vermont plant and processes were similar to the plant in Merrimack, New Hampshire. Saint-Gobain used a process that coated woven fiberglass and other fabric with Teflon material using PTFE. The PTFE coating was fused to the

6

fabric in towers utilizing high temperature ovens. At all relevant times thereto the Defendants knew the towers were potential sources of odors, visible emissions, particulate emissions and hazardous air contaminants.

26.   Prior to 2001, Defendant Saint-Gobain and its predecessor complained to the State of Vermont that the environmental regulations governing the process used by the Defendant in its North Bennington Vermont plant were unnecessary and of no benefit. For example, in 1998 Defendants predecessor ChemFab claimed it contacted representatives of the State of Vermont and told them that they had to make a "decision" regarding the Saudi Arabian contract, which was a very large contract and important to the company. ChemFab told the representatives that it would cost more to manufacture their product for the contract in Vermont than in New Hampshire due to Vermont's requirement for air pollution controls on towers.

27.   Between 1999 and 2001 Defendant Saint-Gobain requested that the Vermont Agency of Natural Resources reduce or eliminate certain conditions for environmental protection in the operation of the North Bennington plant. The State of Vermont would not agree with the Defendant to reduce its environmental standards and continued to require that Saint-Gobain employ abaters with a catalysts in place.

28.   In 2001, Defendant Saint-Gobain decided to close its North Bennington, Vermont facility, terminate dozens of employees and consolidate the manufacturing in Merrimack, New Hampshire as New Hampshire did not have the same environmental regulations and restrictions that were in place in Vermont. At the time of the closure of the plant in Vermont, or shortly thereafter, Defendant Saint-Gobain expanded operations at the Merrimack plant.

29.   PFOA has been detected in the wells of residential properties in the area of the former Saint-Gobain plant in North Bennington, Vermont.

30.   Defendant Saint-Gobain operates a plant in Hoosick Falls, New York that also used PFOA in the manufacturing process at that plant. Private wells and the public drinking

7

water supply in the area of the Saint-Gobain plant in Hoosick Falls have elevated levels of PFOA.

31.    Throughout the course of their operation of the Plant in Merrimack, New Hampshire, Defendants, and their predecessors in interest, released PFOA into the environment. Such releases have spread to the water used for the drinking water supply for the Class Members.

32.    Exposure to PFOA including through the drinking and use of contaminated water can cause PFOA to be absorbed into the human body.

33.    Upon information and belief, beginning in March 2016 the State of New Hampshire Department of Environmental Services conducted tests on water wells on and around the Plant in order to determine if the wells were contaminated with PFOA produced from the Plant.

34.    The testing of the wells identified contamination by PFOA.

35.    Beginning in April 2016, The New Hampshire Department of Environmental Services recommended to certain residents of Litchfield, Manchester and Merrimack, New Hampshire to use bottled water and the residents were advised not to drink or cook with water from the wells.

36.    Shortly after this date, Defendant Saint-Gobain began providing bottled water to citizens of Litchfield, New Hampshire.

37.    As a result of the presence of PFOA in the water in private wells and/or soil on the properties owned by Plaintiffs and Class Members, the values of those properties are diminished.

38.    Defendants have sometimes negligently, sometimes suddenly and accidentally, and otherwise acted to cause toxic contaminants to be released from their facility and

8

property (the Saint-Gobain Site) which travelled to contaminate the properties of Class Members.

39.    The chemicals and/or their byproducts used at the Saint-Gobain Site were released, came in contact with soil and groundwater underlying the Site and dissolved into the groundwater system. Chemicals have migrated from the Saint-Gobain Site onto the properties owned by the Plaintiffs and the Class Members.

40.    Upon information and belief, chemicals released at the Saint-Gobain Site have migrated from the groundwater into the soil of the property of Plaintiffs and the other Class Members.

41.    Testing done by Defendant and the State of New Hampshire Department of Environmental Services has verified that the chemicals are present in the groundwater of the Class Members' properties and the Saint-Gobain Site.

42.    The operation of the Saint-Gobain Site by Defendants and their predecessors has resulted in the release of chemicals into the air, soil, and groundwater in the community where the Plaintiffs and other Class Members own.

43.    Defendants' conduct in releasing chemicals was willful, wanton, and malicious and it was done without regard to the rights and safety of others, including Plaintiffs and the other Class Members.

## DAMAGES TO PLAINTIFFS AND OTHER CLASS MEMBERS

44.    Properties owned by the Plaintiffs and the other Class Members have been and are being invaded by chemicals released from Defendants' Plant and Site.

45.    The properties of Plaintiffs and the other Class members have been and are exposed to chemicals in air the groundwater and soil, the source of which are releases from the

9

Saint-Gobain Site.  As a result of the releases, Plaintiffs and the other members of the Class have suffered damages and losses including, but not limited to, those identified below.

46.    As a result of Defendants' conduct and the resulting contamination, the value and marketability of the property and property rights of Plaintiffs and the Class Members have been and will continue to be diminished.  Plaintiffs and the Class Members have suffered the need for and the cost of remediation of their properties.  As a result of the contamination, Plaintiffs and the Class Members have lost use and enjoyment of their properties and the marketability of their properties.  Plaintiffs and the Class Members have suffered discomfort, inconvenience and annoyance as a consequence of the contamination of their properties by Defendants.

### FIRST CLAIM FOR RELIEF—TRESPASS
(Saint-Gobain and Gwenael Busnel)

47.    Plaintiffs incorporate the allegations contained in the preceding herein by reference.

48.    As a result of the conduct and activities of the Defendants, the releases from the Saint-Gobain Site have physically intruded onto and wrongfully entered the Plaintiffs' and Class Members' properties and Plaintiffs' and Class Members' neighborhood, interfering with the Plaintiffs' and Class Members' possessory interest in the properties and right of private occupancy without Plaintiffs' or the Class Members' permission.

49.    The physical intrusion of Defendants' releases onto the property owned by Plaintiffs and the Class Members and into the Plaintiffs' neighborhood has diminished the value of Plaintiffs' and Class Members' properties and caused damage to the Plaintiffs' and Class Members' properties and property rights.

50.    As a direct and proximate result of Defendants' trespass, Plaintiffs and the Class Members have suffered damages and losses identified in paragraph 46 above.

Accordingly, Defendants are liable for compensatory and exemplary damages to Plaintiffs and the Class Members.

## SECOND CLAIM FOR RELIEF—NUISANCE
(Saint-Gobain and Gwenael Busnel)

51.   Plaintiffs incorporate the allegations contained in the preceding paragraphs herein by reference.

52.   The releases of chemicals resulting from Defendants' operation and ownership of the Saint-Gobain Site have caused a substantial and unreasonable interference with the Plaintiffs' and Class Members' use and enjoyment of their properties.

53.   As a direct and proximate result of Defendants' trespass, Plaintiffs and the Class Members have suffered damages and losses identified in paragraph 46 above. Accordingly, Defendants are liable for compensatory and exemplary damages to Plaintiffs and the Class Members.

## THIRD CLAIM FOR RELIEF—NEGLIGENCE
(Saint-Gobain and Gwenael Busnel)

54.   Plaintiffs incorporate the allegations contained in the preceding paragraphs herein by reference.

55.   Defendants owed Plaintiffs and all Class Members a duty of reasonable care commensurate with the risk of the operations at the Saint-Gobain Site in Merrimack, New Hampshire.

56.   Defendants negligently breached this duty of care by releasing and allowing the release of toxic chemicals and as a direct, proximate and foreseeable result, Plaintiffs and the Class Members have suffered damages and losses including, but not limited to, those identified in paragraph 46 above.

57.     Accordingly, Defendants are liable for the compensatory and exemplary damages to the Plaintiffs and the Class Members.

## FOURTH CLAIM FOR RELIEF - UNJUST ENRICHMENT
### (Saint-Gobain and Gwenael Busnel)

58.     Plaintiffs incorporate the allegations contained in the preceding paragraphs herein by reference.

59.     Defendants have failed to incur expenditures to limit or prevent the release of chemicals onto Plaintiffs' and Class Members' properties and Plaintiffs' and Class Members' neighborhood at the expense of Plaintiffs and the Class Members, and the failure to remediate the properties of Plaintiffs and the Class Members. Defendants have been unjustly enriched through their use of the properties of the Class Members without the permission of Plaintiffs or the Class Members or the payment of any fees or leases to Plaintiffs or Class Members for the storage of chemicals on their property

60.     The Court should award as a remedy the expenditures saved and the profits obtained by Defendants at the expense of Plaintiffs and the Class Members.

## FIFTH CLAIM FOR RELIEF—ABSOLUTE OR STRICT LIABILITY
### (Saint-Gobain and Gwenael Busnel)

61.     Plaintiffs incorporate the allegations contained in preceding paragraphs herein by reference.

62.     Defendants' operation and ownership of the Saint-Gobain Site in a manner that has created releases containing concentrations of chemicals is a non-natural use of land and an abnormally dangerous activity which creates significant risks to Plaintiffs and the Class Members.

63.   The Defendants are strictly liable to Plaintiffs and the Class Members for all damages which have resulted or will result from the releases of the chemicals from the property owned and operated by Defendants.

64.   As a direct and proximate result of Defendants' actions, Plaintiffs and the Class Members have suffered damages. Accordingly, Defendants are liable for the compensatory and exemplary damages to Plaintiffs and the Class Members.

### SIXTH CLAIM FOR RELIEF—RESPONDEAT SUPERIOR
(Saint-Gobain)

65.   Plaintiffs incorporate the allegations contained in the preceding paragraphs herein by reference.

66.   At all times relevant here to Defendant Gwenael Busnel and Defendants John Doe 1-5 were officers or employees of Defendant Saint-Gobain.

67.   Any act or omission of an officer or an employee while acting within the scope of his or her authority is the act or omission of the Corporation.

68.    Defendant Gwenael Busnel and John Doe 1-5 were acting within the scope of their employment and authority during the time chemicals were released to the properties of Plaintiffs and the Class Members.

69.   The acts or omissions of said Defendant are in law the acts or omissions of Saint-Gobain.

### SEVENTH CLAIM FOR RELIEF - EXEMPLARY DAMAGES
(Saint-Gobain)

70.   Plaintiffs incorporate the allegations contained in preceding paragraphs herein by reference.

13

71.  Defendants allowed the contamination of the Plaintiffs' property which Defendants knew or should have known was dangerous, or did so in a wanton, malicious or oppressive manner, without regard to the consequences, or of the rights and safety of others, particularly Plaintiffs.

72.  Plaintiffs and the Class Members are entitled to an award of exemplary damages pursuant to New Hampshire law.

WHEREFORE, Plaintiffs and the Class Members request the following relief:

A.  That the Court issue a Summons for service upon the Defendants;

B.  An order certifying the Class under Rule 16 of the New Hampshire Rules of Civil Procedure;

C.  That this matter be scheduled for a jury trial;

D.  For judgment against Defendants for compensatory damages on all counts in a fair and just amount as established at trial;

E.  For disgorgement of the profits and savings which were obtained by the unjust enrichment of Defendants through their use of and at the expense of the properties of Plaintiffs and the Class Members;

F.  For an award of exemplary damages;

G.  That the Court award statutory interest, costs and attorney fees;

H.  For such other and further relief as may be just.

14

Respectfully submitted,

Kevin Brown
Christopher Blundon
Adam W. Dyer

By their attorneys
GOTTESMAN AND HOLLIS, P.A.

Dated: June 6, 2016

Paul M. DeCarolis, NH Bar No. 596
David M. Gottesman, NH Bar No. 970
39 East Pearl Street
Nashua, NH 03060
603-318-0445
pdecarolis@nh-lawyers.com

and

Kevin Scott Hannon
The Hannon Law Firm, LLC
1641 Downing Street
Denver, CO 80218
303-861-8800
khannon@hannonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within First Amended Complaint was forwarded this 6 day of June, 2016 via first class mail, postage prepaid to: Saint-Gobain Performance Plastics Corporation, 31500 Solon Road, Solon, Ohio 44139 and c/o its registered agent CT Corporation System, 9 Capitol Street, Concord, New Hampshire and Gwenael Busnel, c/o of Saint-Gobain Performance Plastics Corporation, 701 Daniel Webster Highway, Merrimack, New Hampshire 03054.

Paul M. DeCarolis

15