UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| KEVIN BROWN et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION; and GWENAEL BUSNEL,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>1:16-cv-00242-JL |

**PLAINTIFFS' MOTION TO WITHDRAW NAMED PLAINTIFF OR VOLUNTARILY DISMISS HIS INDIVIDUAL CLAIM**

Plaintiffs, through counsel Gottesman and Hollis, P.A., The Hannon Law Firm, LLC, and Morgan & Morgan Complex Litigation Group, respectfully move this Court for order permitting plaintiff A.B. to withdraw from actively participating as a named plaintiff in the above-captioned matter, without prejudice to his rights as an absent class member. Plaintiffs also move to amend the Master Consolidated Class Action and Individual Complaint ("Complaint") (Dkt. 101) to remove A.B. from the Complaint as a named plaintiff and to remove A.B. from the case caption. Plaintiffs respectfully submit, pursuant to LR 7.1(a)(2), a separate memorandum is not necessary as the relief and authorities cited can be efficiently included in this Motion. In support thereof, Plaintiffs state as follows:

## I. BACKGROUND

1. Pursuant to Fed. R. Civ. P. 21, Plaintiffs respectfully request leave of Court to voluntarily withdraw Plaintiff A.B. as a named plaintiff or in the alternative to voluntarily dismiss his individual claims without prejudice.

2. On June 26, 2018 Plaintiffs filed their Motion for Class Certification (Dkt. 121), seeking to certify this case as a class action under Fed. R. Civ. P. 23 because Plaintiffs represent

a class of persons whose claims arise from a single course of conduct by polluting Defendants releasing a common set of toxic chemicals by a common mechanism causing common harm to property owners and occupants through contaminated air and household water.

3. Plaintiff A.B., then the minor child of Kevin and Theresa Brown, was a minor when this action was filed. Plaintiff A.B. turned 18 in June 2017. A.B. never independently chose to be a named plaintiff in this action and does not choose to participate in this action as a named plaintiff.

4. Plaintiffs informed Defendants of their intention to withdraw A.B. as a named plaintiff on February 10, 2019 and again on February 13, 2019.

5. While A.B. chooses to not be a named plaintiff, he is still a member of the putative class and would remain an absent class member if Plaintiffs' claims are certified as a class.

6. Plaintiffs conferred with counsel for the Defendants pursuant to Local Rule 7.1(c) concerning A.B.'s withdrawal as a named plaintiff or the voluntary dismissal without prejudice of his individual claims on February 10, 2019 and again on February 13, 2019. Defendants have not indicated whether they consent to this motion. However, on June 13, 2019, Defendants requested Plaintiffs file this motion.

## II. ARGUMENT

### A. A.B. Has Good Cause for Seeking to Withdraw as a Named Plaintiff

7. A.B.'s withdrawal as a named plaintiff is brought in good faith. When this case was filed, A.B. was a minor whose claims were represented by his parents as next friend. As A.B. has now reached the age of 18, he chooses not to be a named plaintiff in this action. Plaintiffs and Defendants will not be prejudiced by A.B.'s withdrawal as a named plaintiff as the absent class members are still adequately represented by the remaining five class representatives

and as A.B. never moved to be named as a class representative. *See* Plaintiffs' Memorandum In Support Of Their Motion For Class Certification, Dkt. 121-1 at 21; Ex. 27 to Memorandum, Class Representative Affidavits, Dkt. 122-27; *see also In re Cincinnati Policing*, 214 F.R.D. 221, 222 (S.D. Ohio 2003) (granting motion to withdraw where other class representative was adequate to represent class). Thus, the interests of the class are fully protected even without A.B. as a named plaintiff.

**B. The Law Supports the Withdrawal of A.B. as a Named Plaintiff Without Prejudice**

8. Particularly where, as here, a class has not yet been certified, withdrawal of a named plaintiff does not require court approval. *See, e.g.*, *Eckert v. Equitable Life Assurance Soc'y of the United States*, 227 F.R.D. 60, 62 (E.D.N.Y. 2005) (plaintiff "need not obtain the Court's permission prior to withdrawing from the action"); *S. Ave. Partners LP v. Blasnik*, 2013 U.S. Dist. LEXIS 132081, at *6-*7 (N.D. Tex. Aug. 12, 2013) (court approval of plaintiff's withdrawal as a named party is not required); *Glasow v. E.I. Dupont de Nemours & Co.*, 696 N.W.2d 531, 533 (N.D. 2005) ("the federal rules do not require the court's approval to withdraw"). Because A.B. is withdrawing only as one of several named plaintiffs, and there in fact is no certified class at this time, A.B. "need not obtain the Court's permission prior to withdrawing from the action." *Eckert*, 227 F.R.D. at 62.

9. Pursuant to Fed. R. Civ. P. 21, this Court may on motion or on its own, at any time, add or drop a party. Fed. R. Civ. P. 21. Federal courts allow plaintiffs to withdraw as class representatives when, as here, the voluntary withdrawal sought is in good faith and "unless the defendants would suffer prejudice other than the prospect of a second lawsuit or some tactical advantage." *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, M 21-05, 2004 U.S. Dist. LEXIS 22132, at *5 (S.D.N.Y. Nov. 3, 2004) (granting plaintiffs' motion to withdraw

as class representative and denying defendants' motion to depose withdrawing plaintiffs); *Ryan v. Flowserve Corp.*, 2007 U.S. Dist. LEXIS 21750, at *9-*10 (N.D. Tex. March 26, 2007) (granting motion for leave to withdraw as class representative and remain an absent class member under Fed. R. Civ. P. 21); *see also In re Urethane Antitrust Litig.*, 2006 U.S. Dist. LEXIS 38503, at *19-*20 (D. Kan. June 9, 2006) (granting motion to withdraw as class representative); *In re Ins. Mgmt. Solutions Group, Inc. Sec. Litig.*, 206 F.R.D. 514, 515 (M.D. Fla. 2002) (permitting withdrawal of named plaintiff and class representative six days before class certification motion filed); *Ceisler v. First Penn. Corp*., 1991 U.S. Dist. LEXIS 6526, at *8 (E.D. Pa. May 13, 1991) (granting leave to withdraw as class representative pursuant to Fed. R. Civ. P. 15). As shown below, A.B.'s withdrawal will not prejudice Defendants.

10. Fed. R. Civ. P. 41(a)(2) does not apply to Plaintiffs' Motion as A.B. is only seeking to withdraw as a named plaintiff, not dismiss the action or any pending claims. In *Wilkinson v. Greater Dayton Reg'l Transit. Auth.*, the plaintiffs moved for the voluntary dismissal without prejudice of two putative class representatives. *Wilkinson v. Greater Dayton Reg'l Transit. Auth.*, 2013 U.S. Dist. LEXIS 164382, at *1 (S.D. Ohio Nov. 19, 2013). The defendant did not oppose dismissal but moved for a dismissal with prejudice. *Id*. at *2. In its analysis, the court found that while Fed. R. Civ. P. 41(a)(2) provides a starting point, what plaintiffs were seeking was not a voluntary dismissal of an action, but the removal of the two plaintiffs as class representatives without impact to their rights as absent class members. *Id*. at *4-*5. The court found that as the court had not approved a class or the class representatives yet, it was likely unnecessary for plaintiffs to get the court's approval in order to withdraw the two plaintiffs from their status as un-appointed yet possible class representatives. *Id*. at *5.

11. Like in *Wilkinson*, other courts have found Rule 41(a) inapplicable to a motion for leave to withdraw as a named plaintiff prior to class certification. *S. Ave. Partners LP*, 2013 U.S. Dist. LEXIS 132081, at *6 (Rule 41(a) inapplicable to motion to withdraw as named plaintiff was not seeking to dismiss the action or any pending claims); *Ryan*, 2007 U.S. Dist. LEXIS 21750, at *9 (Rule 41(a) inapplicable as plaintiffs not seeking to withdraw from litigation entirely, but seeking to preserve claim as absent class member); *Ceisler*, 1991 U.S. Dist. LEXIS 6526, at *9-*10 (Rule 41(a)(2) does not apply as plaintiff merely seeks to withdraw as class representative, not to withdraw his claims as a putative class member); *see In re Relafen Antitrust Litig.*, 218 F.R.D. 337, 341 n. 4 (D. Mass 2003) (lead plaintiff withdrawn as class representative through filing a notice of withdrawal).

**C. Even if the Court Treats This as a Dismissal Under Fed. R. Civ. P. 41(a)(2), the Court Should Grant the Voluntary Dismissal Without Prejudice**

12. Plaintiffs are filing this Motion as Defendants have not stated whether they will agree to A.B.'s withdrawal as a named plaintiff. Accordingly, if the Court declines to deem A.B. withdrawn through notice and Fed. R. Civ. P. 21, in the alternative Plaintiffs seek to withdraw A.B. and voluntarily dismiss his individual claim without prejudice and without conditions relating to A.B.'s claim as a putative class member pursuant to Fed. R. Civ. P. 41(a)(2).

13. Where substantial prejudice is lacking, the district court should normally exercise its discretion by granting a motion for voluntary dismissal without prejudice. *Read Corp. v. Bibco Equip. Co.*, 145 F.R.D. 288, 290 (D.N.H. 1993). Courts generally evaluate the legal prejudice to defendant if dismissal were to occur. *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 163 (1st Cir. 2000). The Defendants will not be prejudiced in any way because the withdrawal will not affect any of their defenses and will not impede their ability to conduct discovery.

**D. A.B.'s Withdrawal Will Not Prejudice Defendants**

14. The withdrawal of A.B. as a named plaintiff is in good faith and will not prejudice Defendants. No discovery or time has been spent by Defendants with regard to A.B.. Defendants served the same set of Requests for Production on all Plaintiffs and no deposition of A.B. has occurred. Defendants have spent no time on individual discovery from A.B. and as a result, answers, or subsequently medical records, have not been submitted. Even in cases where a defendant has incurred additional discovery costs, courts have granted the withdrawal of a class representative. *Ceisler*, 1991 U.S. Dist. LEXIS 6526, at *11.

15. Moreover, the withdrawal would not render the Defendants unable to conduct sufficient discovery to defend themselves adequately. There remain five other class representatives, all who have participated in discovery and been deposed, and six minor named plaintiffs, who have produced medical records. Defendants have every ability to argue class certification issues without the need for A.B.'s participation.

16. Even in cases in which the defendant argues that the voluntary dismissal should be with prejudice, courts have granted a named plaintiff's voluntary dismissal <u>without</u> prejudice when there is no plain legal prejudice to the defendant. *Will v. Gen. Dynamics Corp.*, 2007 U.S. Dist. LEXIS 79298, at *8-*9 (S.D. Ill. Oct. 25, 2007) (granting voluntary dismissal without prejudice and finding that a district court abuses its discretion only when it can be established the defendant will suffer plain legal prejudice as a result of the district court's dismissal of the plaintiff's action without prejudice); *Swinnney v. Amcomm Telecomms., Inc.*, 2013 U.S. Dist. LEXIS 18, at *4-*5 (E.D. Mich. Jan. 2, 2013) (granting plaintiff's voluntary dismissal without prejudice and withdrawal as a class representative over defendant's request to dismiss the plaintiff with prejudice).

17. Given that five class representatives continue to prosecute the litigation and the lack of prejudice to both the putative class and Defendants, the request to withdraw A.B. as a named plaintiff should be granted without conditions. "Absent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to." *In re Currency Conversion Fee Antitrust Litig.*, 2004 U.S. Dist. Lexis 22132, at *4 (citation omitted). Plaintiffs' motion for the withdrawal of A.B. as a named plaintiff should be granted as the appropriate and just approach as A.B. no longer wishes to remain as a named plaintiff. *Ryan*, 2007 U.S. Dist. LEXIS 21750, at *9. As a result, A.B. would become an absent class member, giving no direction to the case but able to share in any recovery as any other absent class member. *See Org. of Minority Vendors, Inc. v. Ill. Central-Gulf R.R.*, 1987 U.S. Dist. LEXIS 14049, at *2 (N.D. Ill. April 2, 1987) (once withdrawn, former named plaintiff "should be treated like any other non-representative class member").

WHEREFORE, Plaintiffs respectfully request this Court issue an Order permitting named plaintiff A.B. to withdraw from serving as a named plaintiff without prejudice to his rights as an absent class member or approving voluntary dismissal without prejudice of A.B.'s claims pursuant to Rule 41(a)(2) without conditions. Plaintiffs also respectfully request this Court issue an Order allowing Plaintiffs to amend the operative complaint and caption to remove A.B.'s claims and name.

Dated: June 14, 2019

Respectfully submitted,

/s/ Kevin S. Hannon
Kevin S. Hannon, NH Bar No. 269896
The Hannon Law Firm, LLC
1641 Downing Street
Denver, CO 80218
(303) 861-8800
khannon@hannonlaw.com

GOTTESMAN AND HOLLIS, P.A.
Paul M. DeCarolis, NH Bar No. 596
39 East Pearl Street
Nashua, NH 03060
(603) 318-0445
pdecarolis@nh-lawyers.com

John A. Yanchunis (Pro Hac Vice)
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813)-223-5505
jyanchunis@forthepeople.com

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of June, 2019, I electronically filed the foregoing **PLAINTIFFS' MOTION TO WITHDRAW NAMED PLAINTIFF OR VOLUNTARILY DISMISS HIS INDIVIDUAL CLAIM** with the Clerk of the Court and served the same via the CM/ECF system on the following:

Sheila L. Birnbaum, Esq.
Mark S. Cheffo, Esq.
Douglas E. Fleming, III, Esq.
Lincoln Wilson, Esq.
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
sheila.birnbaum@dechert.com
mark.cheffo@dechert.com
douglas.fleming@dechert.com
lincoln.wilson@dechert.com
*Attorneys for Defendants Saint-Gobain Performance Plastics Corporation and Gwenael Busnel*

Bruce W. Felmly, Esq.
Jeremy Walker, Esq.
McLane Middleton, PA
900 Elm Street
Manchester, NH 03101
bruce.felmly@mclane.com
jeremy.walker@mclane.com
*Attorneys for Defendant Saint-Gobain Performance Plastics Corporation*

Finis E. Williams, III, Esq.
15 North Main Street, Suite 206
Concord, NH 03301
finiswilliams@hotmail.com
*Attorneys for DeBlois Plaintiffs*

*/s/ Kevin S. Hannon*
Kevin S. Hannon