**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| KEVIN BROWN, individually and on behalf of all others similarly situated, *et al*.,<br><br>*Plaintiffs*,<br><br>v.<br><br>SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION, *et al*.,<br><br>*Defendants*. | Civil Action No. 1:16-cv-00242-JL |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY AND MODIFY DEADLINES**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT .............................................................................................................................. 2

    I.    A STAY PENDING RESOLUTION OF THE RULE 23(F) APPEAL IS WARRANTED ...................... 2

        A.  The 23(f) Petition Raises Serious Questions About the Certification Order ................ 3

        B.  The Balance of Hardships Favors a Stay ...................................................................... 5

        C.  A Stay Would Promote Judicial Economy ................................................................... 7

    II.   SUMMARY JUDGMENT TIMING SHOULD BE ALTERED UNTIL AFTER CLASS NOTICE AND OPT-OUT ARE COMPLETED ........................................................................................................... 8

CONCLUSION ......................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re A & F Enterprises, Inc. II*,
   742 F.3d 763 (7th Cir. 2014) ...................................................................................................2

*American Pipe & Construction Co. v. Utah*,
   414 U.S. 538 (1974) ............................................................................................................. 8-9

*In re Boston University COVID-19 Refund Litigation*,
   2022 WL 3154670 (D. Mass. 2022) ..................................................................................8, 10

*Brown v. Wal-Mart Stores, Inc.*,
   2012 WL 5818300 (N.D. Cal. 2012) .......................................................................................7

*Charlessaint v. Persion Acceptance Corp.*,
   110 F. Supp. 3d 303 (D. Mass. 2015) ......................................................................................9

*Dist. 4 Lodge of the International Association of Machinists & Aerospace
   Workers Local Lodge 207 v. Raimondo*,
   18 F.4th 38 (1st Cir. 2021) ...........................................................................................................2

*Earl v. Boeing Co.*,
   21 F.4th 895 (5th Cir. 2021) ........................................................................................................7

*In re Extradition of Hilton*
   2013 WL 3282864 (D. Mass. 2013) ........................................................................................3

*Faber v. Ciox Health, LLC*,
   944 F.3d 593 (6th Cir. 2019) ......................................................................................... 2, 5, 8-9

*Fernandez v. RentGrow, Inc.*,
   2022 WL 1782641 (D. Md. 2022) ........................................................................................ 5-6

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) .................................................................................................................3

*IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*,
   2014 WL 4540228 (D. Minn. 2014) ........................................................................................6

*Kerkhof v. MCI WorldCom, Inc.*,
   282 F.3d 44 (1st Cir. 2002) ................................................................................................. 8-9

*Leiva-Perez v. Holder*,
   640 F.3d 962 (9th Cir. 2011) ............................................................................................... 2-3

*Marquis v. F.D.I.C.*,
    965 F.2d 1148 (1st Cir. 1992) ............................................................................................. 2

*McKenna v. First Horizon Home Loan Corp.*,
    475 F.3d 418 (1st Cir. 2007) ............................................................................................... 4

*Nieberding v. Barrette Outdoor Living, Inc.*,
    2014 WL 5817323 (D. Kan. 2014) .................................................................................. 6-7

*Nken v. Holder*,
    556 U.S. 418 (2009) ............................................................................................................ 2

*Nwakanma v. Ashcroft*,
    352 F.3d 325 (6th Cir. 2003) ............................................................................................. 2

*In re Pharmaceutical Industry Average Wholesale Price Litigation*,
    582 F.3d 156 (1st Cir. 2009) ......................................................................................... 6, 10

*Providence Journal Co. v. Federal Bureau of Investigation*,
    595 F.2d 889 (1st Cir. 1979) ............................................................................................. 3

*Romero v. Securus Technologies, Inc.*,
    383 F. Supp. 3d 1069 (S.D. Cal. 2019) ........................................................................... 5-7

*Schwarzschild v. Tze*,
    69 F.3d 293, 296 (9th Cir. 1995) ........................................................................................ 9

*Scott v. Family Dollar Stores, Inc.*,
    2016 WL 4267954 (W.D.N.C. 2016) ................................................................................ 7

*Tschudy v. J.C. Penney Corp., Inc.*,
    2015 WL 5098446 (S.D. Cal. 2015) ................................................................................. 10

*Waste Management Holdings, Inc. v. Mowbray*,
    208 F.3d 288 (1st Cir. 2000) ............................................................................................. 4

*Weir v. Joly*,
    2011 WL 6043024 (D. Or. 2011) ..................................................................................... 10

*Willcox v. Lloyds TSB Bank, PLC*,
    2016 WL 917893 (D. Haw. 2016) ................................................................................. 5-6

**Rules**

Fed. R. Civ. P. 1 ........................................................................................................................ 7

Fed. R. Civ. P. 7 ........................................................................................................................ 4

Fed. R. Civ. P. 16(b)(4)...................................................................................................................8

Fed. R. Civ. P. 23 ...................................................................................................................... 1-10

Fed. R. Civ. P. 23(b)(3).................................................................................................................4

Fed. R. Civ. P. 23(c) ...........................................................................................................1, 3, 5, 9

Fed. R. Civ. P. 23(c)(1)(B) ............................................................................................................3

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................................................5

Fed. R. Civ. P. 23(c)(3)..................................................................................................................9

Fed. R. Civ. P. 23(c)(4)..................................................................................................................4

Fed. R. Civ. P. 23(f).............................................................................................................. 1-7, 10

**Constitutional Authority**

U.S. Constitution, Article III.........................................................................................................3

U.S. Constitution, Fifth Amendment .........................................................................................4, 8

U.S. Constitution, Seventh Amendment .......................................................................................4

**Secondary Sources**

Annotated Manual for Complex Litigation (4th ed. May 2022).....................................................6

## PRELIMINARY STATEMENT

The rapid transition from ruling on class certification to summary judgment determination of the merits as set forth in the Court's March 31, 2022 Discovery Order [381] is not appropriate in light of the development of this case. Defendants have petitioned the First Circuit for immediate review of the Court's class certification ruling [438] under Fed. R. Civ. P. 23(f). No. 24-8001 (1st Cir.). Until the First Circuit decides the Rule 23(f) appeal, further deadlines and proceedings in this Court should be stayed.

The Rule 23(f) Petition raises serious legal questions that warrant the First Circuit's immediate review of the class certification order. Unless further deadlines in this Court are stayed while the 23(f) appeal is pending, Defendants and class members will suffer avoidable and irreparable harm created by confusing class members, unfair prejudice, needless squandering of resources, and unnecessarily inviting parallel litigation. Issuing class notice before the 23(f) issues are decided risks confusing tens of thousands of absent class members and prematurely inviting parallel litigation if the class is later decertified or modified. And until Rule 23(c)'s class notice and opt-out requirements have been satisfied, Defendants would face unfair prejudice from having to immediately seek summary judgment over a class that would not be bound by the Court's order. Throughout this process, the parties would incur substantial litigation costs to prepare and issue class notice, brief summary judgment, and prepare for trial, among other things. Those costs could prove duplicative or unnecessary and unrecoverable if the First Circuit moots or requires the parties to revisit these pretrial activities. By contrast, there would be no undue prejudice from a stay that temporarily maintains the status quo.

Separate and apart from a stay pending the 23(f) appeal, the Court should modify the pretrial deadlines so that summary judgment proceedings occur after class notice and opt-out have been completed. This sequence guards against "the risk of [summary judgment] only binding the

named plaintiffs, and not the entire class," whose members would otherwise be prone to "one-way intervention" by awaiting the Court's summary judgment decision before deciding whether to opt out of the class. *Faber v. Ciox Health, LLC*, 944 F.3d 593, 603-04 (6th Cir. 2019). In addition, resolving the 23(f) appeal and the parties' post-certification plans may alter the summary judgment analysis. Resetting existing deadlines and altering the summary judgment phase until after class notice and opt-out have been completed reduces the risk of undue prejudice and promotes judicial efficiency. Thus, there is good cause to modify the Court's schedule.

## ARGUMENT

### I. A STAY PENDING RESOLUTION OF THE RULE 23(F) APPEAL IS WARRANTED

This Court "possess[es] the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). Whether to do so is an "exercise of judicial discretion," guided by "the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quotation omitted). While an appeal is pending, courts consider "(1) [w]hether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether [the] issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." *Dist. 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers Loc. Lodge 207 v. Raimondo*, 18 F.4th 38, 42 (1st Cir. 2021) (quotation omitted). While the first two factors are the most important, *id.*, courts use a "sliding scale" "so that a stronger showing of one element can offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964, 967-68 (9th Cir. 2011); *see also In re A&F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014); *Nwakanma v. Ashcroft*, 352 F.3d 325, 327 (6th Cir. 2003). Here, each of the factors weighs

strongly in favor of staying proceedings pending the First Circuit's disposition of the pending Rule 23(f) appeal.

### A. The 23(f) Petition Raises Serious Questions About the Certification Order

"[T]o be entitled to a stay," the moving party is not required to "show an absolute probability of success" in its pending appeal. *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979); *see also Leiva-Perez*, 640 F.3d at 967-68. "[W]hen the request for a stay is made to a district court, common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal." *In re Extradition of Hilton*, 2013 WL 3282864, at *2 (D. Mass. 2013) (quotation marks omitted). The requisite showing is met where an appeal "demonstrate[s] a substantial case on the merits," *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987), or presents "serious legal questions." *Providence Journal*, 595 F.2d at 890; *see also Leiva-Perez*, 640 F.3d at 967-68; *In re Extradition*, 2013 WL 3282864, at *2. The Petition does just that.

While a stay would be warranted if even a single basis for appeal had strong potential merit, the Rule 23(f) Petition identifies four grounds for granting immediate review of the partial class certification order. First, the certification of certain "liability" issues, presumably under Rule 23(c)(4), and postponement of individualized issues on causation, injury, and damages contravenes Rule 23(b)(3)'s predominance requirement and cannot be reconciled with First Circuit precedent. Pet. at 8-14. Second, there are substantial and meritorious questions as to whether the proposed issue class on "liability" elements satisfies requirements of commonality, predominance, and superiority where there are individualized, intertwined inquiries into causation, injury, and damages that will not be resolved until the "damages" phase—implicating concerns that not all class members have Article III standing. *Id.* at 14-23. Third, the certification order does not meet Rule 23(c)(1)(B)'s requirement to provide a discernible and complete list of the claims, issues, and defenses certified for class determination. *Id.* at 24-26. Fourth, converting Plaintiffs' motion for

3

certification of a Rule 23(b)(3) damages class to a Rule 23(c)(4) issues class *sua sponte*, without notice and opportunity for Defendants to present arguments about that potential relief, is contrary to Rule 7 and the Due Process Clause. *Id.* at 26-28. These grounds present "important" and "unsettled" legal questions about whether the class certification order meets Rule 23's requirements, for which review should "ordinarily" be granted. *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 293 (1st Cir. 2000). The prospects of immediate review are bolstered by the portent of "substantial financial impact" from partially certifying claims that Plaintiffs value at over $580 million. *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 421 (1st Cir. 2007).

In fact, though Plaintiffs are contending before the First Circuit that the bifurcation is proper here and involves "distinct" – rather than "'interwoven'" – questions about Defendants' liability, causation, and "the geographic scope of … contamination," thus not running "afoul of the Seventh Amendment," 23(f) Opp. at 6-7, 14-21, their same counsel recently took the contrary position before a New Hampshire state court in the PFOA class action against TCI. In *Hermens v. TCI*, No. 216-2017-CV-00524 (N.H. Sup. Ct. N. Hillsborough Cnty.), where this Court's class certification ruling was the subject of the state court hearing, Plaintiffs' counsel argued that bifurcation – such as this Court ordered – would be improper, and acknowledged that "the damage testimony is intertwined with the scientific evidence of the nature and extent of contamination" and that "the evidence, spread, causation, all those are intertwined both with liability and damages." Ex. A, a true and correct copy of the January 12, 2024, certified motion hearing transcript, at 46:23-48:17; *cf.* Pet. at 14-20. Plaintiffs' counsel likewise conceded that bifurcation of individual proceedings is "clearly not superior" and pointed to the need for discovery and jury trials "for hundreds of different properties" and the repetition of "environmental testimony" and

4

"damages experts over and over again." Ex. A at 29:21-33:5, 48:5-17; *cf.* Pet. at 12-13. Plaintiffs' counsel's statements underscore the seriousness of the questions that Defendants have raised for First Circuit review.

### B. The Balance of Hardships Favors a Stay

The parties face irreparable harm if the Court does not stay proceedings and the First Circuit later decertifies the class or modifies the certification order. Conversely, a stay to temporarily maintain the status quo poses no undue prejudice.

Issuing class notice that must be withdrawn or modified following a decision by the First Circuit would confuse class members, needlessly squander resources, and unnecessarily invite parallel litigation. Rule 23 requires that class members be issued "the best notice that is practicable under the circumstances" and "clearly and concisely" describe the class definition and class claims, issues, or defenses. Fed. R. Civ. P. 23(c)(2)(B). Class notice would be premature where, as here, the 23(f) Petition raises important questions about whether class notice should be issued and, if so, its content. As described more fully in Section II, until Rule 23(c)'s notice and opt-out requirements are accomplished, summary judgment "carries the risk of only binding the named plaintiffs, and not the entire class." *Faber*, 944 F.3d at 604. Nor is class notice, or its modification or retraction, to tens of thousands of absent class members a cost-free endeavor. Should the First Circuit decertify or simply alter the contours of the class, the substantial costs and effort of issuing class notice and processing opt-outs would be irredeemable. *See Fernandez v. RentGrow, Inc.*, 2022 WL 1782641, at *4 (D. Md. 2022). Re-issuing or rescinding class notice is also likely to confuse class members, who may not understand the significance of the new notice, question how their rights changed, or have prejudicially relied on the initial notice, among other risks. Further, class notice, pending Rule 23(f) review, is also likely to prematurely prompt potential class members to seek (and generate costs for) legal advice on their opt-out rights and encourage some

5

class members to pursue separate lawsuits. *See Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1073 (S.D. Cal. 2019); *Willcox v. Lloyds TSB Bank, PLC*, 2016 WL 917893, at *6-7 (D. Haw. 2016).

These risks are widely recognized. In *TCI*, Plaintiffs' counsel recently conceded that the decertification being sought by the defendant there would require "entire re-noticing of the class," resulting in "confusion to the class members of what's included or not included after decertification" and would "tremendously expand the expense and the time for this court." Ex. A at 29:21-33:5. Stays pending 23(f) appeals "avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after notice dissemination." Ann. Manual Complex Lit. § 21.28 (4th ed. May 2022); *see also Fernandez*, 2022 WL 1782641, at *3-4; *Romero*, 383 F. Supp. 3d at 1077; *Willcox*, 2016 WL 917893, at *7.

Without a stay, the parties will also be required to spend substantial time and resources to meet pretrial and other deadlines, including for dispositive motions, and prepare for trial. Those expenditures could prove duplicative or unnecessary and unrecoverable if the First Circuit's decision moots or requires the parties to revisit pretrial actions or alter trial preparations. *See Nieberding v. Barrette Outdoor Living, Inc.*, 2014 WL 5817323, at *4 (D. Kan. 2014); *IBEW Loc. 98 Pension Fund v. Best Buy Co.*, 2014 WL 4540228, at *3 (D. Minn. 2014). Likewise, the record reveals that "absent class member[s] … had knowledge or expectations that differ[] substantially from class representatives," *In re Pharm. Indus. Average Wholesale Price Litig.*, 582 F.3d 156, 196 (1st Cir. 2009), as well as Plaintiffs' experts. *See, e.g.*, [428] at 37:5-11, 52:19-24, 58:16-22. Thus, prior to any classwide determination of certain aspects of liability issues, Defendants may need certain discovery of absent class members and, for example, their knowledge about PFOA at his or her property. Because discovery of absent class members was not available prior to the

6

partial class certification, that discovery is now ripe for pursuing. Such discovery could be unwarranted, useless, and wasteful if the class were to be decertified or modified. *Scott v. Family Dollar Stores, Inc.*, 2016 WL 4267954, at *2 (W.D.N.C. 2016). Such potential harm is especially pertinent, as courts "play an active role in reducing costs to parties and providing for the efficient administration of justice." *Id.* (citing Fed. R. Civ. P. 1).

Plaintiffs cannot show that a stay would "seriously and negatively impact Plaintiffs or the outcome of this case." *Nieberding*, 2014 WL 5817323, at *5. They have not demonstrated urgency to litigate their class claims. For example, Plaintiffs delayed a hearing on class certification by two years by requesting and obtaining leave to serve new expert disclosures, reopen fact discovery, and refile class certification motions. *See* [237]; [345]. Nor would a stay now unduly prejudice the resolution of their claims since they are only seeking money damages. *See Earl v. Boeing Co.*, 21 F.4th 895, 900 (5th Cir. 2021).

### C. A Stay Would Promote Judicial Economy

A stay would additionally serve the public interest "in efficient use of judicial resources." *Romero*, 383 F. Supp. 3d at 1077. That would be accomplished by "the 'proper resolution of the important issues raised in this case' [and] by preventing potentially wasteful work on the part of the court and the parties while the [appellate court] considers the serious legal question raised by the Defendant's Rule 23(f) petition." *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *5 (N.D. Cal. 2012). A decision from the First Circuit on Rule 23(f) review would answer important questions about how this action should proceed. And a stay reduces the risk that the Court will unnecessarily spend time and resources on matters that could be changed or mooted should the First Circuit vacate, modify, or reverse the certification order.

7

Because the merits of the 23(f) appeal, the balance of hardships, and the public interest favor a stay, the Court should stay and extend deadlines and proceedings pending a final decision by the First Circuit in the 23(f) proceedings.

## II. SUMMARY JUDGMENT TIMING SHOULD BE ALTERED UNTIL AFTER CLASS NOTICE AND OPT-OUT ARE COMPLETED

Separate and apart from a stay pending a decision by the First Circuit in the 23(f) proceedings, and mindful of the Court's request for a middle ground, the Court should modify the sequence of deadlines in its March 31, 2022 Discovery Order [381], which contemplates the filing of summary judgment motions prior to the issuance of class notice and opt-outs. There is good cause to modify the schedule, Fed. R. Civ. P. 16(b)(4), as it would avoid undue prejudice to Defendants and promote the efficiency of post-certification proceedings.

Proceeding with summary judgment while questions and prerequisites for class certification remain creates the untenable risk of one-way intervention whereby "members of the claimed class could in some situations await … final judgment on the merits in order to determine whether participation would be favorable to their interests." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 546 (1974). This "unfair" tactic would "allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Id.*; *see also Kerkhof v. MCI WorldCom, Inc.*, 282 F.3d 44, 55 (1st Cir. 2002). As Plaintiffs' counsel recently acknowledged in the *TCI* case, class certification requirements are intended "to protect defendant's due process rights before a judgment adverse [to] plaintiffs … to make sure it binds class members." Ex. A at 35:15-39:3. Thus, the general rule is that "the question of whether a class will be certified should be *resolved* before the merits of an action are decided." *In re Boston Univ. COVID-19 Refund Litig.*, 2022 WL 3154670, at *5 (D. Mass. 2022) (emphasis added)

(quotation marks omitted). To do otherwise "pushe[s] the cart in front of the horse." *Charlessaint v. Persion Acceptance Corp.*, 110 F. Supp. 3d 303, 310 (D. Mass. 2015).

The risk of one-way intervention was not averted by the Court's entry of a class certification order, since absent class members are not yet bound by that order. The Sixth Circuit's decision in *Faber* is particularly apt and instructive. "Rule 23 'clearly contemplates that the notice requirement will be met before'" a merits ruling on summary judgment. *Faber*, 944 F.3d at 604 (quoting *Schwarzschild v. Tze*, 69 F.3d 293, 296 (9th Cir. 1995)). The reason is that "class certification remains functionally incomplete until class members receive notice." *Id.* at 603. The "fundamental requirement" of class notice under Rule 23 must be fulfilled "before class members can be legally bound." *Id.* "Until receiving adequate notice, class members merely constitute 'passive beneficiaries with no notice to take note of the suit.'" *Id.* (citation omitted).

Thus, summary judgment – entered "*after* certifying the class but *before* notice could be sent" – "carries the risk of only binding the named plaintiffs, and not the entire class." *Id.* at 604. In those circumstances, summary judgment favoring a defendant cannot be enforced against class members, who had "no meaningful opportunity … to make their case," and notice "would only invite parties to enter a fight that they already lost." *Id.* In *Faber*, that rendered class certification "a nullity." *Id.* at 604-05. Conversely, a decision benefiting the plaintiff would facilitate one-way intervention by parties who could "enter a class action suit with full knowledge of the outcome." *Id.* at 604. Absent class members could decide whether to opt out based on whether the summary judgment outcome was favorable or unfavorable, a choice that the addition of a notice requirement to Rule 23 was designed to foreclose. *See* Fed. R. Civ. P. 23(c)(3) advisory committee's note to 1966 amendment; *see also Am. Pipe*, 414 U.S. at 546-47; *Kerkhof*, 282 F.3d at 55. If summary

9

judgment motions were to proceed before class notice and opt-out, Defendants could be forced to forfeit their rights, over their objections, under the one-way intervention rule.

No efficiencies are gained by briefing summary judgment before class notice and deferring decision until after the opt-out period. Rather than holding a pre-notice summary judgment motion "in abeyance," "the better practice" is to require the parties to move for summary judgment after the class has received notice, as the motions "will reflect the current state of the case." *Tschudy v. J.C. Penney Corp.*, 2015 WL 5098446, at *6-7 & n.3 (S.D. Cal. 2015). The grounds for summary judgment are subject, in part, to the contours of class certification and the existing discovery record and, thus, will depend on the outcome of the 23(f) appeal and the parties' post-certification plan. Those developments could moot existing arguments or establish new ones. For example, certain discovery of absent class members was not available before the class certification order and may be necessary to probe differences between their knowledge about PFOA at his or her property and that of the named Plaintiffs and their experts. *See Pharm. Indus.*, 582 F.3d at 196. Thus, it would be premature to move for summary judgment until there is greater clarity as to how this action should proceed.

Nor were the protections against one-way intervention forfeited because this issue was not raised when the Court entered its March 31, 2022 Discovery Order [381]. *See Boston Univ.*, 2022 WL 3154670, at *5; *Weir v. Joly*, 2011 WL 6043024, at *2 (D. Or. 2011). When that amended scheduling order was entered, the parties were focused on other deadlines and not on the complexity and amount of time that would be involved in issuing class notice, let alone for an issue class structure that Plaintiffs did not request. The two-year old briefing schedule still warrants revisiting in light of how the Court ruled in its class certification and *Daubert* orders and in light

10

of the 23(f) petition, especially since briefing on summary judgment has not commenced and there is ample opportunity for the Court to modify the schedule.

Accordingly, the Court should reset and re-sequence existing pretrial deadlines, such that issuance of class notice and the opt-out period precede motions for summary judgment. Defendants also request a case management conference, where the Court can hear the parties' proposed post-certification plans and, thereafter, schedule new deadlines.

## CONCLUSION

For foregoing reasons, the Court should stay proceedings pending resolution of the Rule 23(f) proceedings in the First Circuit and, separately, extend and modify its March 31, 2022 Discovery Order [381].

Dated:  February 23, 2024

Respectfully submitted,

/s/ *Bruce W. Felmly*
Bruce W. Felmly (N.H. Bar No. 787)
Jeremy T. Walker (N.H. Bar. No. 12170)
**MCLANE MIDDLETON, P.A.**
900 Elm Street, P.O. Box 326
Manchester, NH  03105-0326
Telephone:  (603) 625-6464
Fax:  (603) 625-5650
bruce.felmly@mclane.com
jeremy.walker@mclane.com

/s/ *Mark S. Cheffo*
Mark S. Cheffo (Pro Hac Vice)
Douglas Fleming (Pro Hac Vice)
Bert L. Wolff (Pro Hac Vice)
**DECHERT LLP**
1095 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 698-3500
Fax:  (212) 698-3599
mark.cheffo@dechert.com
douglas.fleming@dechert.com
bert.wolff@dechert.com

*Attorneys for Defendants Saint-Gobain*

*Performance Plastics Corporation and*
*Gwenael Busnel*